# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GLOBUS MEDICAL INC.          :
                             :
                             :   Civil Action
    Plaintiff,               :
                             :   No. 14-3105
    v.                         :
                             :
VORTEX SPINE, LLC et al.,      :
                             :
    Defendants.           :

## ORDER

The Court has reviewed Globus's Motion for a Temporary Restraining Order and a Preliminary Injunction (Docket No. 6). The Court held oral argument on June 4, 2014. Based upon the arguments[1] of counsel and the record to date, it is hereby ORDERED that the instant Motion is GRANTED IN PART as to the request for a Temporary Restraining Order, as the parties were unable to come to an agreement as directed by the Court. Furthermore, the Court will issue an ORDER regarding abstention at a date in the near future. Should the Court rule on the abstention matter in favor of the Plaintiff, the Court will rule on the remaining Motion for a Preliminary Injunction and hold a hearing in August 2014.

As to the Temporary Restraining Order, until further order of this Court, it is HEREBY ORDERED as follows:

---

[1] Globus has demonstrated: (1) it has a reasonable likelihood of success on the merits of its underlying breach of contract claims; (2) it will suffer immediate and irreparable harm; (3) a balancing of equities weighs in its favor; and (4) the public's interest weighs in favor of granting relief. *See Bimbo Bakeries USA, Inc. v. Botticella*, 613 F. 3d 102, 109 (3d Cir. 2010).

1

1. Defendants shall not violate the terms of the Agreement[1] with Globus and shall not directly or indirectly, including, but not limited through current or former Vortex employees, representatives or agents, or through any other entity in which Defendants' have an interest, either for Defendants' benefit or the benefit of another entity or individual, solicit, call on, interfere with, or attempt to divert, entice away, sell to or market to any customer, Hospital[2] or Medical Personnel[3] in Territories 1-5, and parishes therein, as specified in Exhibit A of the Agreement.

2. Defendants shall not violate the terms of the Agreement with Globus and shall not directly or indirectly, including, but not limited through current or former Vortex employees, representatives or agents, or through any other entity in which Defendants' have an interest, either for their benefit or the benefit of another entity or individual, solicit, call on, interfere with, or attempt to divert, or entice away any individuals who are or were employees, independent contractors, agents or representatives of Globus.

---

[1] The Agreement shall be defined as those terms are set forth in the Exclusive Distribution Agreement that Defendants executed effective January 1, 2010 and all amendments thereto.

[2] The term Hospital ("Hospital") shall be defined as hospitals, surgery centers, medical centers, and other healthcare facilities that purchase products and services used in spine surgery.

[3] The term Medical Personnel ("Medical Personnel") shall be defined as orthopedic surgeons, neuro-surgeons, physicians, nurses and other medical personnel involved in the implantation and handling of products and services used in spine surgery.

3. Defendants shall not violate the terms of Agreement, and shall not use or disclose, including, but not limited through, current or former Vortex employees, representatives or agents, or through any other entity in which Defendants' have an interest, any confidential, proprietary or trade secret information of Globus ("Confidential Information"),[4] including but not limited to any confidential information about Globus' pricing, fee arrangements, sales and marketing strategies (including how Globus presents itself to customers and prospective customers and differentiates itself from competitors), business strengths and weaknesses, presentations, proposals, agreements for customers and prospective customers, business won or lost and the reasons therefore, communications engaged in with customers and prospective customers on behalf of Globus, confidential information about customers and prospective customers, and confidential information about Globus products and services. For purposes of the Agreement, Confidential Information shall not include information that, prior to the time of disclosure, becomes part of the public's knowledge or literature, not as a result of any action or inaction on behalf of the Defendants.

4. Defendants shall respond within ten days of service of expedited discovery by Plaintiff regarding subjects such as contact and agreements with Globus customers, including, but not limited to, Hospitals and Medical Personnel and

---

[4] The term Confidential Information means information disclosed or known to the Distributor as a consequence of or through the performance of its obligations under this Agreement (including information conceived, originated, discovered or developed by Distributor), not generally known in the industry, about Globus' business, processes, apparatus, products, research, research programs, trade secrets, customers, customer requirements, vendors, pricing, financial data and business plans.

Spine Products Companies, as that term is defined in the Agreement, that operate or do business in Territories 1-5, and parishes therein, as specified in Exhibit A of the Agreement.

5. Defendants shall preserve all evidence on[5] any and all electronic devices and media, including, but not limited to, work and personal e-mail accounts, social media accounts, external hard drives, thumb drives, or other portable media, network drives, computers, cellular phones, smart phones, tablets, cloud storage accounts, and personal digital assistants, that have stored Plaintiff's documents or information, or were used to transfer or temporarily store Plaintiff's documents, data, or information, or that referred or related to Plaintiff, Plaintiff's business, Plaintiff's existing or prospective employees or clients, or work completed to date, until such time that this Court gives Defendants leave to so do.

6. Defendants are further directed to preserve all documents, data, and information pertaining to: Hospitals, Medical Personnel, Spine Products Companies, as that term is defined in the Agreement, that operate in Territories 1-5, and parishes therein, as specified in Exhibit A of the Agreement; Globus employees, independent contractors, agents or representatives; and M.I. Spine, LLC, and any other entity in which Defendants have an interest; and/or other individuals or entities that have knowledge or information relating to the claims in this litigation.

---

[5] To ensure that Long can still use his electronic devices, Plaintiff shall bear the costs of having Long's phones "imaged" to preserve the data.

This Order shall remain in full effect and force through the date of the Preliminary Injunction hearing.

**IT IS SO ORDERED.**

BY THE COURT:

/s/ C. Darnell Jones, II

_____

C. Darnell Jones, II,       J.