UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GLOBUS MEDICAL INC. | : | |
| | : | |
| | : | Civil Action |
| Plaintiff, | : | |
| | : | No. 14-3105 |
| v. | : | |
| | : | |
| VORTEX SPINE, LLC et al., | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM**

**Jones, II, J.**                                                                                        **July 24, 2014**

The issue before the Court concerns abstention and whether the Court should stay or dismiss an action based upon concurrent state court proceedings. Plaintiff Globus Medical Inc. ("Globus") brought this action alleging that Defendants Vortex Spine, LLC ("Vortex") and its president, James Long, breached an Exclusive Distributorship Agreement with Plaintiff.

Prior to the filing of the instant matter, on May 30, 2014 former Vortex employees Wallace Schaefer and Patrick O'Hara brought an action in the 19th Judicial District Court in East Baton Rouge Parish, Louisiana against Vortex Spine, LLC and Globus (the "Louisiana Action"). James Long sought to intervene in the Louisiana Action. Defendant argues that abstention is appropriate under the six-factor test set forth in *Colorado River Conservation District v. United States*, 424 U.S. 800 (1976), as well as under *Burford v. Sun Oil Co*., 319 U.S. 315, 63 S. Ct. 1098, (1943).

1

**I. Background**

Globus manufactures musculoskeletal implants. Compl. ¶ 10. Globus is incorporated in Delaware, with its principal place of business in Pennsylvania, and is registered to do business in Louisiana. *Id.* ¶ 7. ; Defs.' Opp'n Mot. at 3.

Defendants Vortex and James Long Chapman, were parties to a series of Exclusive Distributor Agreements ("EDA") with Globus. Compl. ¶¶ 21-24. Vortex is a limited liability corporation with its principal place of business in Louisiana. *Id.* ¶ 8. Mr. Chapman is the sole member of Vortex and serves as its president. *Id.* ¶ 9.

Under the EDA, Vortex acted as a distributor for Globus in seven Louisiana territories. Exclusive Distributor Agreement (EDA) at 17; Compl. ¶ 22. The EDA included a Pennsylvania choice of law provision and required the Defendants to litigate any dispute over the agreement in Pennsylvania. EDA ¶ 10.11; Compl. ¶¶ 39, 67.

Globus attempted to negotiate another EDA with Vortex in 2014. Compl. ¶ 27. Negotiations failed, and Globus terminated its relationship with Vortex on April 18, 2014. *Id.* ¶ 30. Vortex filed suit against Globus in the Nineteenth Judicial District Court Parish of East Baton Rouge on April 29, 2014. Defs.' Opp'n Mot. at 5. Vortex alleged that the EDA is unenforceable under Louisiana law. *Id.* The Louisiana court issued a temporary injunction order enjoining Globus from enforcing the choice of law and forum selection clauses contained in the agreement. *Id.* Globus filed this suit against Vortex on June 2, 2014 in the Eastern District of Pennsylvania, alleging breach of contract, unfair competition, and tortious interference with prospective economic advantage. Compl. ¶¶ 2, 72-89; Defs.' Opp'n Mot. at 6.

**II.     Discussion**

  I.    <u>*Colorado River* Abstention Doctrine</u>

Defendant has moved for a stay pursuant to the two-step abstention doctrine of *Colorado River*. Abstention by a federal court due to a similar suit in state court is justified "only in the exceptional circumstances where the order to the parties to repair to the state court would clearly serve an important countervailing interest." *Colorado River* 424 U.S. at 800. *Colorado River* abstention is rare, given "the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them." *Id.* Under a *Colorado River* analysis, first, it must be determined whether the two actions at issue are "parallel." Second, if the two actions are indeed parallel, the Court must weigh six factors in considering whether to yield to the state action:

> (1) which court first assumed jurisdiction over the property involved, if any;
> (2) the inconvenience of litigating in federal court;
> (3) the desirability of avoiding piecemeal litigation;
> (4) which court first obtained jurisdiction;
> (5) whether federal or state law controls; and
> (6) whether the state court will adequately protect the parties' interests.

*Spring City Corp. v. Amer. Bldgs. Co.,* 193 F.3d 165, 171 (3d Cir.1999).

    a.  <u>Parallel Actions</u>

"A threshold issue that must be decided in a *Colorado River* abstention case is whether the two actions are 'parallel.'" *Ryan v. Johnson*, 115 F.3d 193, 196 (3d Cir 1997). A District Court lacks the power to abstain in cases that do not involve parallel actions. *Id.* "[C]ases are parallel when they involve the same parties and claims." *Id.* (citation omitted).

The parties in the Louisiana action are identical to the parties in this action. Compl. ¶¶ 7-9; Defs.' Opp'n Mot. at 5. Both suits seek to resolve a dispute over an Exclusive Distributor Agreement between Globus, Vortex and Mr. Long. Compl. ¶¶ 72-89; Defs' Opp'n Mot. at 5.

Because the cases are parallel, the Court will weigh the six factors in considering whether to stay the federal action.

    b. <u>Balancing Test</u>[1]

        i. <u>Jurisdiction over Property</u>

Neither the Louisiana state court, nor this Court has assumed jurisdiction over any property. This factor is not relevant to the analysis.

        ii. <u>Inconvenience of the Federal Forum</u>

A forum selection clause constitutes a waiver of any objection to the inconvenience of a federal forum. *Ingersoll-Rand Financial Corp. v. Callison*, 844 F.2d 133, 137 (3d Cir. 1988). In *Ingersoll-Rand Financial Corp. v. Callison*, the plaintiff brought a diversity action in federal court after it was sued in state court. *Id.* at 134. The parties to both lawsuits had executed an investment agreement, which contained a forum selection clause requiring the parties to litigate any disputes in New Jersey. *Id.* While the Third Circuit ultimately abstained in *Ingersoll* based on the totality of the other *Colorado River* factors, it did hold that a party subject to a forum selection clause cannot reasonably argue that that the forum is inconvenient. *Id.* at 137.

Here, Vortex and Mr. Long are subject to a forum selection clause under the EDA. EDA ¶ 10.11. This alone is sufficient to mitigate the Defendants' argument that the federal forum is inconvenient. *Ingersoll*, 844 F.2d at 137. However, Defendants' contention also lacks merit because Mr. Long, as Vortex's representative, frequently interacted with Globus's Pennsylvania headquarters. Compl. ¶ 34. He regularly traveled to Pennsylvania for training and sales purposes. Pl.'s Supplemental Mem. at 5. Notably, Mr. Long even traveled to Pennsylvania as

---

[1] "[T]he decision whether to dismiss a federal action because of parallel state-court litigation does not rest on a mechanical checklist, but on a careful balancing of important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 16 (1983).

recently as April in an attempt to negotiate an extension to the EDA. *Id.* The 1200 mile distance between Louisiana and Pennsylvania is not nearly as inconvenient as the Defendants contend. As such, this factor weighs against abstention.

### iii. Avoidance of Piecemeal Litigation

Here there is no "clear federal policy" that counsels against concurrent proceedings. *Colorado River*, 424 U.S. at 819. In *Colorado River*, the most important factor supporting abstention was the "clear federal policy evinced by [the McCarran Amendment] . . . [of] avoid[ing] . . . piecemeal adjudication of water rights in a river system." *Id.* at 819. However, "[t]he weight to be given to any one factor may vary greatly from case to case, depending on the particular setting of the case." *Moses H. Cone*, 460 U.S. at 16.

In the absence of a federal policy directing a court to abstain, the federal court's "'virtually unflagging obligation . . . to exercise the jurisdiction given them'" is relevant. *Id.* at 15 (quoting *Colorado River*, 424 U.S. at 817). In *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, the plaintiff sought to compel arbitration, per a contractual agreement. *Id.* at 7. The defendant sought to stay the federal proceeding in favor of a state court action it had initiated. *Id.* On appeal, the Supreme Court held that "the danger of piecemeal litigation" was not a "paramount" consideration. *Id.* at 19. Rather, the relevant federal law actually required piecemeal litigation with respect to the arbitration issue. *Id.* at 20. After weighing the other *Colorado River* factors, the Court held that abstention was inappropriate. *Id.* at 29.

No federal policy supports abstention in favor of the Louisiana state court. The Defendants misguidedly cite 28 U.S.C. § 1404(a) as a federal policy designed to prevent piecemeal litigation. Defs. Opp'n Mot. at 12. The change of venue provision in the federal code was intended to provide courts with a method to transfer cases *between other federal courts* "for

the convenience of parties and witnesses." 28 U.S.C. § 1404(a). In no way does this statute express a federal policy aimed toward avoiding piecemeal litigation. Moreover, the statute does not authorize transfer from federal court to state court. Avoidance of piecemeal litigation is not a significant factor that favors a stay.

### iv. Order Courts Obtained Jurisdiction

"[P]riority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions." *Moses H. Cone*, 460 U.S. at 21. In *Moses H. Cone*, the Supreme Court refused to abstain in favor of a state court action, despite its earlier filing date. *Id.* The state court proceeding had not progressed substantially when the abstention issue was raised. *Id.* The Court cautioned that the priority factor "is to be applied in a pragmatic and flexible manner with a view to the realities of the case at hand." *Id.*

Here the state court action preceded the federal suit. However, this factor warrants little consideration. Defendants initiated the Louisiana action on April 29, 2014. Plaintiffs filed the instant suit in federal court on June 2, 2014. *Id.* at 6. The Louisiana state court issued an injunction against Globus enjoining it from attempting to enforce the EDA. Defs.' Opp'n Mot. at 5. This Court issued a temporary restraining order in favor of Globus on June 6, 2014. Temporary Restraining Order at 1. The record does not reflect any other progress in the state court action. The state court case has not progressed to a point that would favor abstention.

### v. Applicable Law

"Pennsylvania courts generally honor the intent of the contracting parties and enforce choice of law provisions in contracts executed by them." *Kruzits v. Okuma Mach. Tool, Inc.*, 40 F.3d 52, 55 (3d Cir. 1994). A court "will only ignore a contractual choice of law provision if

that provision conflicts with strong public policy interests." *Id.* at 56.  Pennsylvania has adopted section 187 of the Restatement (Second) of Conflict of Laws, which provides:

> The law of the state chosen by the parties to govern their contractual duties and rights will be applied . . . unless either (a) the chosen state has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties' choice, or (b) the application of the law of the chosen state would be contrary to a fundamental policy of a state which has a materially greater interest than the chosen state in the determination of the particular issue.

Restatement (Second) of Conflicts of Laws § 187 (1971).

In *Kruzits v. Okuma Mach. Tool, Inc.*, the court honored an Illinois choice of law provision requiring a third party to indemnify a financer. *Kruzits*, 40 F.3d at 55.  The plaintiff was injured using piece of industrial equipment and sued the individual who financed the equipment. *Id.* at 53.  The financer filed a third-party complaint against the plaintiff's employer seeking indemnification. *Id.* at 54.  The language of the agreement between the financer and the employer dictated an Illinois choice of law. *Id.* at 55.  Although the accident occurred in Pennsylvania, Illinois's relationship to the agreement was substantial and Pennsylvania did not have a materially greater interest in the dispute. *Id.*

Here the Pennsylvania choice of law provision is valid, and this factor does not support abstention under *Colorado River*.  The EDA provides that the agreement is "governed by, construed and enforced in accordance with the laws of the Commonwealth of Pennsylvania, without regard to the principles thereof regarding conflicts of law." EDA ¶ 10.11.  Even under a conflict of law analysis, this Court would honor the choice of law provision contained in the EDA.  Pennsylvania has a substantial relationship to both parties.  It is Globus's principle place of business and Mr. Long frequently traveled to Pennsylvania on business.  Compl. ¶ 7; Pl.'s Supplemental Mem. at 5.  Louisiana does not have a "materially greater interest" in this dispute. Restatement (Second) of Conflicts of Laws § 187.

      vi. <u>Protecting Parties' Rights</u>

The Louisiana state court action is contrary to Globus's contractual rights under the EDA. In seeking to protect the plaintiff's rights, this Court should not abstain.

In *Moses H. Cone*, the Supreme Court first recognized that the "probable inadequacy of the state-court proceeding to protect [a plaintiff's] rights" was a compelling factor to consider in the *Colorado River* abstention analysis. *Moses H. Cone*, 460 U.S. at 26. In that case, the plaintiff was unlikely to obtain an order compelling arbitration, which the Court deemed appropriate. *Id.* The Court declined to abstain. *Id.* at 29.

Here the plaintiff might persuade a Louisiana state court to dismiss the action, in accordance with the EDA. However, abstention, in hopes that the Louisiana state court might honor the parties' contractual intent and dismiss, does not serve to promote judicial economy, the primary purpose of the *Colorado River* abstention doctrine.

II. <u>*Burford* Abstention Doctrine</u>

This Court should not abstain under the *Burford* doctrine.

Under *Burford*, abstention is appropriate "where there have been presented difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the base then at bar." *Colorado River*, 424 U.S. at 814 (citation omitted). Abstention is also appropriate where the "exercise of federal review of the question in a case and in similar cases would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern." *Id.* The Third Circuit has recognized that "*Burford* abstention is justified where a complex regulatory scheme is administered by a specialized state tribunal having exclusive jurisdiction." *United Services Auto. Ass'n v. Muit*, 792 F.2d 356, 364 (3d Cir. 1986). "*Burford* abstention is usually applied to state regulatory matters such as

8

establishing rates for natural gas or transportation, discontinuing railroad passenger services, discontinuing intrastate air service, or applying state eminent domain procedures." *Grode v. Mut. Fire, Marine & Inland Ins. Co.*, 8 F.3d 953, 956 (3d Cir. 1993) (citation omitted).

Here, *Burford* abstention is not appropriate. There is no complex regulatory framework to consider; nor is this case disruptive to Louisiana's attempt to establish a coherent policy with respect to enforcing noncompetition agreements. Defendants contracted with a Pennsylvania corporation and agreed to provisions dictating the applicable law and venue for resolving disputes under that agreement. EDA ¶ 10.11; Compl. ¶¶ 39, 67. Louisiana's "strong public policy against noncompetition contracts" is not disturbed when a Louisiana citizen or corporation expressly waives this protection. Defs.' Opp'n Mot. at 14. This case is not of the extraordinary nature contemplated by the *Burford* doctrine.

### III. Conclusion

On balance, abstention under *Colorado River* is inappropriate. Of the six factors, one (jurisdiction over the property) is neutral, four weigh against a stay, and the remaining factor (the order the courts obtained jurisdiction) only slightly favors Defendants, if at all. Defendant has failed to demonstrate circumstances that constitute "exceptional" circumstances that warrant abstention from exercising jurisdiction. Moreover, Defendants have not demonstrated that abstention pursuant to *Burford* is appropriate in this matter. Therefore, this Court will deny Defendants motion to stay the federal action.

An appropriate order follows.