IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GLOBUS MEDICAL, INC., | : | |
|     Plaintiff, | : | |
| | : | CIVIL ACTION |
| v. | : | NO. 14-3105 |
| | : | |
| VORTEX SPINE, LLC et al., | : | |
|     Defendants. | : | |

**Jones, II J.**                                                                                                         **May 29, 2015**

## MEMORANDUM

Pending before the Court is Defendants' Motion to Dismiss, (Dkt No. 17), and Plaintiff's Response. (Dkt No. 19.) It is hereby ORDERED that said Motion is DENIED for the reasons set forth herein.

### I.  Procedural History

This case has had a lengthy procedural history. The Court recites only those events relevant to the pending Motion. On June 2, 2014, Globus Medical, Inc. ("Plaintiff") filed a Complaint against Vortex Spine, LLC, and James Chapman Long (collectively "Defendants"). (Dkt No. 1 [hereinafter Compl.].) On June 3, 2014, Plaintiff filed a Motion for Temporary Restraining Order and Preliminary Injunction. (Dkt No. 6.) By way of Response, Defendants filed a Memorandum in Support of Abstention and in Opposition to Plaintiff's Motion. (Dkt No. 8 [hereinafter Defs' Abstention Mot.].) On July 24, 2014, the Court issued an Order, (Dkt No. 16), and a Memorandum of Law, (Dkt No. 15 [hereinafter Ct. Abstention Mem.]), finding that abstention was inappropriate.

On July 28, 2014, Defendants filed a Motion to Dismiss for lack of jurisdiction and failure to state a claim. (Dkt No. 17 [hereinafter MTD].) On August 14, 2014, Plaintiff filed a Response. (Dkt No. 19 [hereinafter Pl. Resp.].)

Due to unrelated procedural history, this Motion only became ripe recently. The Court will now rule on the Motion.

### II.  Facts

When deciding a motion to dismiss under 12(b)(6), the "court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly

1

authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010). "[A] court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Pension Ben Guar. Corp. v. White Consol. Industries, Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). For the purpose of deciding the instant Motion, the Court must take all alleged facts as true. *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (internal quotation and citation omitted).

Similarly, when deciding a motion to dismiss under 12(b)(2), the court must accept as true the plaintiff's allegations and draw all reasonable inferences in favor of the plaintiff. *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002). Unlike a 12(b)(6) motion, in resolving 12(b)(2) motions, the Court may consider affidavits submitted by the parties. *Patterson by Paterson v. FBI*, 893 f.2D 595, 603-04 (3D Cir. 1990).

Globus manufactures musculoskeletal implants. (Compl. ¶ 10.) Globus is incorporated in Delaware, with its principal place of business in Pennsylvania, and is registered to do business in Louisiana. (Compl. ¶ 7.) Defendants Vortex and James Long Chapman, were parties to a series of Exclusive Distributor Agreements ("the EDA") with Globus. (Compl. ¶¶ 21-24; MTD, Ex. 1 [hereinafter EDA].) The most recent EDA governed the parties' relationship between January 1, 2010 and December 31, 2013. (Compl. ¶ 25.) Vortex is a limited liability corporation with its principal place of business in Louisiana. (Compl. ¶ 8.) Mr. Chapman is the sole member of Vortex and serves as its president. (Compl. ¶ 9.)

Under the EDA, Vortex acted as a distributor for Globus in seven Louisiana territories. (EDA § 1.1; Compl. ¶ 22.) The EDA included a Pennsylvania choice of law provision and required the Defendants to litigate any dispute over the agreement in Pennsylvania in Montgomery County or in the Eastern District of Pennsylvania. (EDA ¶ 10.11; Compl. ¶¶ 39, 67.)

Further, under the EDA, Defendants agreed for two years after the EDA terminated that they would not "manufacture, sell, market or deliver any product, or participate in any manner in such activities, if such product is manufactured, sold, marketed or distributed by any…Spinal Product Companies" within a specific territory. (Compl. ¶ 37.) Further, the EDA required Defendants to agree that for two years after the EDA terminated, they would not "induce or influence or attempt to induce or influence, any person engaged as an employee or agent of

2

Company at the time this Agreement terminates, or within the last twelve months preceding the Agreement termination, to terminate his/her relationship with the Company." (Compl. ¶ 38.)

Globus attempted to negotiate another EDA with Vortex in 2014. (Compl. ¶ 27.) Negotiations failed, and Globus's relationship with Vortex terminated on April 18, 2014. (Compl. ¶ 30.) As a result of the EDA and the long-term relationship between Plaintiff and Defendants, Defendants received significant amounts of confidential and proprietary information, including customer lists, from Plaintiff. (Compl. ¶¶ 35-36, 41-51.)

Following termination, Defendants' sales representatives have been selling and distributing spine products from Plaintiff's competitors to Plaintiff's customers in the territory. (Compl. ¶ 53, 58.) Further, Defendant Long was violating the EDA's non-compete during the term of the EDA. (Compl. ¶¶ 54-57.) Finally, Defendant Long attempted to recruit at least one employee of Plaintiff to defect to his new company. (Compl. ¶¶ 60-61.)

On April 29, 2014, non-parties Patrick O'Hara ("O'Hara") and Wallace Schaeffer ("Schaeffer") filed an action against Plaintiff in the Nineteenth Judicial District Court Parish of East Baton Rouge seeking to invalidate the restrictive covenants in the EDA ("the Louisiana Action"). (Compl. ¶ 66.) Defendant Long intervened in this action as a Plaintiff and similarly asserted that the restrictive covenants in the EDA were invalid. (MTD, Ex 2.) The Louisiana court entered a temporary restraining order enjoining Plaintiff from attempting to enforce the choice of law and choice of forum clauses in the EDA. (MTD at 7.) Plaintiff and Schaeffer and O'Hara agreed to a preliminary injunction, which the Louisiana Court entered as an Order. (MTD at 7.)

Plaintiff filed this suit against Defendants on June 2, 2014 in the Eastern District of Pennsylvania, alleging breach of contract, unfair competition, and tortious interference with prospective economic advantage. (Compl. ¶¶ 2, 72-89.)

### III. Discussion

#### a. As a preliminary matter, the Court has ruled, and so rules again, that the EDA's Forum Selection and Choice of Law Clause is Enforceable.

The EDA includes a Pennsylvania choice of law provision and requires the Defendants to litigate any dispute over the agreement in Pennsylvania in Montgomery County or in the Eastern District of Pennsylvania. (EDA ¶ 10.11.) To determine whether this clause is enforceable, the Court looks to Pennsylvania choice of law rules. *See Klaxon Co. v. Stentor Electric Mfg. Co.*,

313 U.S. 487, 497 (1941). "Pennsylvania courts generally honor the intent of the contracting parties and enforce choice of law provisions in contracts executed by them." *Kruzits v. Okuma Mach. Tool, Inc.*, 40 F.3d 52, 55 (3d Cir. 1994). A court "will only ignore a contractual choice of law provision if that provision conflicts with strong public policy interests." *Id.* at 56. Pennsylvania has adopted section 187 of the Restatement (Second) of Conflict of Laws, which provides:

> The law of the state chosen by the parties to govern their contractual duties and rights will be applied…unless either (a) the chosen state has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties' choice, or (b) the application of the law of the chosen state would be contract to a fundamental policy of a state which has a materially greater interest than the chosen state in the determination of the particular issue.

(Restatement (Second) of Conflicts of Laws § 187 (1971); *Kruzits*, 40 F.3d at 55 (citing *Schifano v. Schifano,* 324 Pa.Super. 471 A.2d 839, 843 n. 5 (1984)).

In applying these standards, the Court previously held that the EDA's choice of law provision was valid:

> Here the Pennsylvania choice of law provision is valid…The EDA provides that the agreement is "governed by, construed and enforced in accordance with the laws of the Commonwealth of Pennsylvania, without regard to the principles thereof regarding conflicts of law." EDA ¶ 10.11. Even under a conflict of law analysis, this Court would honor the choice of law provision contained in the EDA. Pennsylvania has a substantial relationship to both parties. It is Globus's principle place of business and Mr. Long frequently traveled to Pennsylvania on business. Compl. ¶ 7; Pl.'s Supplemental Mem. at 5. Louisiana does not have a "materially greater interest" in this dispute. Restatement (Second) of Conflicts of Laws § 187.

(Ct. Abstention Mem. at 7.)

Second, the forum selection aspect of the clause is presumptively valid. *In Re Exide Tech.*, 544 F.3d 196, 218 n. 15 (3d Cir. 2008); *Wall St. Aubrey Golf, LLC v. Aubrey*, 189 F. App'x 82, 85 (3d Cir. 2006) (non-precedential) (citing *Coastal Steel Corp. v. Tilghman Wheelabrator Ltd.,* 709 F.2d 190, 202 (3d Cir. 1983)). "A valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases." *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for the Western Dist. of Texas,* 134 S.Ct. 568, 581 (2013) (quoting *Stewart Org., Inc. v. Ricoh Corp.,* 487 U.S. 22, 33 (1988) (Kennedy, J. concurring)). A forum selection clause constitutes a waiver of any objection to the inconvenience of a federal forum. *Ingersoll-Rand Financial Corp. v. Callison*, 844 F.2d 133, 137 (3d Cir. 1988).

The Court previously held that:

> Here, Vortex and Mr. Long are subject to a forum selection clause under the EDA. EDA
> ¶ 10.11. This alone is sufficient to mitigate the Defendants' argument that the federal
> forum is inconvenience. *Ingersoll*, 844 F.2d at 137.

(Ct. Abstention Mem. at 4.)

Thus, as previously determined, the EDA's choice of law and forum selection clause is valid.

### b. Because the forum selection clause is enforceable, the Court has personal jurisdiction over Defendants.

#### i. Standard of Law

A court can dismiss a claim due to lack of personal jurisdiction over Defendants. Fed. R. Civ. P. 12(b)(2). For the purposes of a 12(b)(2) Motion, the Court accepts as true Plaintiff's allegations and draws all reasonable inferences in favor of Plaintiff. *Miller Yacht Sales, Inc. v. Smith,* 384 F.3d 93, 97 (3d Cir.2004).

A federal court may exercise personal jurisdiction over a nonresident of the state in which the court sits to the extent authorized by the law of that state. Fed. R. Civ. P. 4(e). Plaintiff has the burden of demonstrating facts establishing a basis for the exercise of jurisdiction. *D'Jamoos v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 102 (3d Cir. 2009); *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 316 (3d Cir. 2007).

Parties may waive the requirement of personal jurisdiction. *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 704 (1982). Where forum selection clauses exist, a court need only determine the "validity and effect of the forum selection clause in order to determine if there has been consent to *in personam* jurisdiction." *Provident Mut. Life Ins. Co. v. Bickerstaff*, 818 F. Supp. 116, 118 (E.D. Pa. 1993) (citing *Burger King Corp. v. Rduzewicz*, 471 U.S. 462, 475 (1985)); *see also SKF USA, Inc. v. Okkerse*, 2014 WL 185221 (E.D. Pa. 2014). The Court need not conduct a minimum contacts analysis where there is a valid forum selection clause. *Provident Mutual Life Ins. Co. of Phila.*, 818 F.Supp. at 118.

### ii. Analysis

Given that the Court previously held that the forum selection clause was enforceable, the Court further finds that Defendants have submitted to *in personam* jurisdiction. Moreover, the Court further found in its prior opinion that Defendant had many contacts with Pennsylvania:

> Mr. Long, as Vortex's representative, frequently interacted with Globus's Pennsylvania headquarters. He regularly traveled to Pennsylvania for training and sales purposes. Notably, Mr. Long even traveled to Pennsylvania as recently as April in an attempt to negotiate an extension to the EDA. The 1200 mile distance between Louisiana and Pennsylvania is not nearly as inconvenient as the Defendants contend.

(Ct. Abstention Mem. at 4 (internal citations omitted.))

Thus, the record shows that Defendant has not provided a sufficient basis upon which to set aside the forum selection clause at issue. *See, e.g.*, *PNC Bank, Nat. Ass'n v. Kanaan*, 2012 WL 1835534 at *8 (E.D. Pa. 2012) (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 16, (1972) ("This is not a situation in which the chosen forum is so 'seriously inconvenient' that the forum selection clause must be rendered unenforceable."). The Court thus enforces the clause and finds that it has personal jurisdiction over Defendants.

### c. Venue is appropriate in the Eastern District of Pennsylvania.
#### i. Standard of Review

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Generally, venue is only appropriate where (1) it is the district where the defendant resides; (2) a district in which a substantial part of the events giving rise to the claims took place; or (3) if there is no district in which an action could otherwise be brought, and there is a district with personal jurisdiction over defendant. 28 U.S.C. § 1391. However, these requirements for venue can be waived by consent or conduct. *Neifeld v. Steinberg*, 438 F.2d 423, 427 (3d Cir. 1971) (citing *Hoffman v. Blaski*, 343 U.S. 335, 343 (1960)). When a forum selection clause exists, "its effect on the issue of the appropriateness of venue is essentially identical to its effect on the question of jurisdiction." *Provident Mutual Life Ins. Co. of Phila.*, 818 F.Supp. at 119; *see also Cottman Transmission Sys., Inc. v. Martino,* 36 F.3d 291, 293 (3d Cir. 1994); *Neifeld,* 438 F.2d at 427 ("Want of personal jurisdiction and lack of venue can be waived by consent or conduct of the defendant.").

Given the Court's finding that the EDA's forum selection clause is enforceable and that the Court has personal jurisdiction over Defendants, the Court finds that venue is appropriate. *See, e.g.*, *SKF USA Inc.*, 992 F.Supp.2d at 446 (finding that venue is proper due to a forum selection clause and the determination that the Court has personal jurisdiction over Defendants); *DePuy Synthes Sales, Inc. v. Edwards*, 23 F. Supp. 3d 472, 480-81 (E.D. Pa. 2014); *De Lage Landen Financial Services, Inc. v. Mid-America Healthcare LP*, 2008 WL 3889996, at *6 (E.D. Pa. 2008).

### d. Plaintiff has alleged viable claims under Counts I-III.

#### i. Standard of Review

In deciding a motion to dismiss pursuant to Rule 12(b)(6), courts must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 233 (internal quotation and citation omitted). After the Supreme Court's decision in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). This standard, which applies to all civil cases, "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678; *accord Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) ("[A]ll civil complaints must contain more than an unadorned, the-defendant-unlawfully-harmed-me accusation.") (internal quotation marks omitted).

#### ii. Count I is well-pled.

The Court held that Plaintiff's claims are governed by Pennsylvania law. Thus, Plaintiff's breach of contract claim lies.

#### iii. Count II is well-pled.

As Pennsylvania law applies, Plaintiff's claim is well-pled.

#### iv. Count III is well-pled.

To prevail on a claim of intentional interference with prospective contractual relations under Pennsylvania law, Plaintiff must show "(1) a prospective contractual relation; (2) the purpose or intent to harm the plaintiff by preventing the relation from occurring; (3) the absence

of privilege or justification on the part of the defendant; and (4) the occasioning of actual damage resulting from the defendant's conduct." *Kachmar v. SunGard Data Sys., Inc.*, 109 F.3d 173, 184 (3d Cir. 1997) (*Thompson Coal Co. v. Pike Coal Co.,* 488 Pa. 198, 208 (1979)). Defendants argue that the Complaint does not allege any such prospective contract or ongoing contractual relationship. (MTD at 41.) A "prospective contractual relation" requires a showing that there is "an objectively reasonable probability that a contract will come into existence." *Id.* (quoting *Schulman v. J.P. Morgan Inv. Management, Inc.*, 35 F.3d 799, 808 (3d Cir. 1994)).

Construing the Complaint in the light most favorable to Plaintiff, the Court finds that the Complaint provides sufficient information regarding prospective contract. (Compl. ¶¶ 52-59.) The Complaint specifically alleges that:

> Vortex's sales representatives have been selling and distributing spine products from Globus' competitions to Globus Customers in the territories that Vortex serviced under [] the Agreement…[including]…Biomet spine products to Dr. Justin Owen and Dr. Samer Sheamieh; Globus Customers in former Vortex's territory…and distributing Biomet spine products for the last three weeks to Dr. Jorge Isaza, one of Globus' largest customer's within Vortex's territory.

(Compl. ¶ 53.)

This language sufficiently pleads a "prospective contractual relation." As pled, these are former customers of Plaintiff, with whom Plaintiff had an objectively reasonable expectation of a continuing relationship. Instead, these parties were sold a competitor's products by Defendants. Taking all facts in the light most favorable to Plaintiff, Plaintiff has sufficiently pled facts to support this claim.

### IV.     Conclusion

Defendants' Motion to Dismiss is DENIED.

BY THE COURT:

/s/ C. Darnell Jones, II

_____

C. Darnell Jones, II    J.