IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GLOBUS MEDICAL, INC., | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| v. | : | NO. 14-3105 |
| | : | |
| VORTEX SPINE, LLC et al., | : | |
| Defendants. | : | |

**ORDER**

AND NOW, this 30th day of September, 2016, upon consideration of the Motion for Partial Summary Judgment by Globus Medical, Inc. ("Plaintiff"), (Dkt No. 76), Memorandum of Law in Support thereof, (Dkt No. 76-2), Statement of Undisputed Material Facts, (Dkt No. 76-3), and the Response thereto by Vortex Spine, LLC and James Chapman Long ("Defendants"), (Dkt No. 83), Memorandum of Law in Support thereof, (Dkt No. 84), Response to Plaintiff's Statement of Undisputed Material Facts, (Dkt No. 84-10 at 1-34), and Additional Statement of Disputed Material Facts, (Dkt No. 84-10 at 35-80), Plaintiff's Response to Defendants' Additional Statement of Disputed Material Facts, (Dkt No. 92), Plaintiff's Reply Memorandum of Law in Support of its Motion for Partial Summary Judgment, (Dkt No. 96), Defendants' Sur-Reply Memorandum of Law in Support of its Opposition to Plaintiff's Motion for Partial Summary Judgment, (Dkt No. 97), and Defendants' Supplemental Memorandum of Law, (Dkt No. 104), it is hereby ORDERED that said Motion is GRANTED IN PART AND DENIED IN PART:

    1. The Court grants Plaintiff's Motion for Partial Summary Judgment insofar as the Court holds that Mr. Long breached EDA Section 5.1.2 through his activities with M.I. Spine during the Term of the EDA, though the Court does not determine the damages for said breach at this time; and, the Court holds that Vortex breached EDA Section 5.5 by failing to assign Mr. Schaefer's NCND Agreement to Plaintiff upon request, and the Court grants specific performance for said breach.

      Vortex shall immediately assign its rights and benefits in Mr. Wallace Schaefer's NCND Agreement to Globus.

    2. The Court denies Plaintiff's Motion in all other respects.

FURTHER, upon consideration of Defendants' Answer and Vortex's Counterclaims, (Dkt No. 75), Plaintiff's Motion to Dismiss Vortex's Counterclaims and Motion to Strike Certain Allegations, (Dkt No. 81), and Vortex's Response thereto, (Dkt No. 8), and in accordance with the Court's Memorandum Opinion on Plaintiff's Motion for Partial Summary Judgment, it is hereby ORDERED that:

    1. Counts I & VI, [1] III, [2] IV, [3] and V [4] of the Answer and Counterclaim are hereby DISMISSED WITH PREJUDICE;

---

[1] In Count I and Count VI, Vortex alleges a claim for unfair competition and unfair business practices. Vortex asserts a claim for tortious interference and unfair competition due to Globus seeking to enforce the restrictive covenants in the Exclusive Distributor Agreement between Globus and Vortex and Mr. Long in this litigation. To assert a claim for international interference, Vortex must allege "(1) the existence of a contractual, or prospective contractual relation between the complainant and a third party; (2) purposeful action on the part of the defendant, specifically intended to harm the existing relation, or to prevent a prospective relation from occurring; (3) the absence of privilege or justification on the part of [Globus]; and (4) the occasioning of actual legal damages as a result of [Globus's] conduct." *Pawlowski v. Smorto*, 588 A.2d 36, 39-40 (Pa. Super. 1991). If "the means of competition are otherwise tortious with respect to the injured party, they will also ordinarily constitute an unfair method of competition." *ID Security Sys. Canada, Inc. v. Checkpoint Sys., Inc.*, 249 F.Supp.2d 622, 688 (E.D. Pa. 2003) (citing Restatement (Third) § 1 cmt g.) Where a defendant's actions are "not actionable but rather justified," such actions do not constitute unfair competition. *Acumed LLC v. Advanced Surgical Services, Inc.*, 561 F.3d 199, 228 (3d Cir. 2009). The Court has repeatedly found that the EDA is enforceable. Thus, Globus's actions to enforce the terms of the EDA during the course of this litigation were justified. The Court dismisses these claims with prejudice.

[2] In Count III, Vortex alleges a claim for misappropriation of trade secrets. To sustain a claim for misappropriation of trade secrets, Vortex must show (1) the existence of a trade secret, (2) which was communicated in confidence to Globus and (3) used by Globus in breach of that confidence, (4) to the detriment of Plaintiff. *GE Capital Mortgage Servs., Inc. v. Pinnacle Mortgage Inv. Corp.*, 897 F. Supp. 854, 870 (E.D. Pa. 1995). Vortex states that it "did not share" its "confidential information regarding the surgeon customers that Vortex routinely used in sales of spinal products" with Globus. (Counterclaim ¶ 19.) Vortex argues that it did share some confidential information with Globus, including "information about the surgeons that Long created over the course of his career, before Globus even formed" and "orders Vortex processed with Globus." (Dkt No. 88 at 19.) Even assuming that these client lists and orders constitute trade secrets, Vortex has failed to plead any way in which Globus ever used these secrets in breach of Vortex's confidence. The Court dismisses this claim under Federal Rule of Civil Procedure 12(b)(6).

      2. Plaintiff's motion to strike paragraphs 6, and 20 of Defendants' Answer and paragraphs 5-8, and 25(c)-(e) of Vortex's Counterclaims is GRANTED; Plaintiff's motion to strike paragraph 2, 92, and 118 of Defendants' Answer is DENIED;[5]

---

[3] In Count IV, Vortex asserts a claim for wrongful injunction. This relates to the Court's issuance of two temporary restraining orders. On June 9, 2014, the Court entered a temporary restraining order enjoining Defendants from selling to or soliciting customers in its former territory. (Dkt No. 10.) On September 5, 2014, the Court entered a second temporary restraining order requiring Globus to deliver to Globus any and all No Competition and Non-Disclosure Agreements Vortex had with its former sales representatives. (Dkt No. 27.) The Court never issued a preliminary injunction order for either TRO. Vortex failed to cite any case showing that the wrongful injunction common law remedy was applicable to temporary restraining orders. No preliminary injunction was issued in this case. This claim is dismissed with prejudice.

[4] In Count V, Vortex alleges an abuse of process claim that Globus obtained two temporary restraining orders "for the improper purpose to prevent [Vortex and Mr. Long] from competing with Globus." (Counterclaim ¶ 37.) To sustain a claim for abuse of process, Vortex "must show that the defendant used legal process against the plaintiff in a way that constituted a perversion of that process and caused harm to the plaintiff." *Gen. Refractories Co. v. Fireman's Fund Ins. Co.*, 337 F.3d 297, 304 (3d Cir. 2003). Globus sought temporary restraining orders to effectuate restrictive covenants. Vortex is correct that Globus used this process to "prevent [Vortex and Mr. Long] from competing with Globus," but incorrect that such a purpose was "improper." Exactly the opposite is true. This is exactly the proper purpose of this process. Further, Vortex explains that the "abuse of process claim is based on the fact that Globus knew that under the *EDA Understanding*...that their goodwill belonged to Vortex." (Dkt No. 88 at 19.) As the Court has ruled in the attendant Memorandum Opinion on the Motion for Summary Judgment, the Court cannot consider the EDA Understanding in evaluating whether Vortex or Mr. Long breached the EDA. For the purposes of this Motion, the Court takes the facts of the EDA Understanding in the light most favorable to Vortex. The Court agrees with Vortex that the parole evidence rule is irrelevant here, as the EDA Understanding putatively occurred after the signing of the EDA. However, as the Court explains in greater detail in its Memorandum Opinion, the EDA itself explicitly precludes oral modification to the EDA. The EDA Understanding was an oral agreement. There is no dispute of fact that there is no written agreement to amend the terms of the EDA. Thus, under the unambiguous and enforceable terms of the EDA, the EDA Understanding did not amend the EDA. This claim is dismissed with prejudice.

[5] "[T]he court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f). The movant "must clearly show that the matter sought to be stricken is outside the issues in the case and is prejudicial." *River Rd. Dev. Corp. v. Carlson-Corp.-Northeast*, 1990 WL 69085, at *7 (E.D. Pa. 1990). Such motions are generally "not favored and usually will be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues in the case." *Id.* at *3. The Court denies the Motion as it pertains to allegations of the Court's prior rulings. The Court notes that it again confirms the forum selection clause and choice of law provision in the EDA are valid and enforceable. (*See* Dkt No. 15, Dkt No. 72.) However, the Court finds it unnecessary to strike the pleadings. The Court grants the Motion as it pertains to allegations against Plaintiff and its founders that are wholly unrelated to this litigation, impertinent, and scandalous. The Court further grants the Motion regarding Plaintiff's counsel as such ad hominem attacks are impertinent and scandalous. The Court admonishes that all counsel shall act with respect and courtesy to fellow counsel.

3. Vortex's request for an entry of default on Count II is DENIED;[6]

4. Defendants shall file an Amended Answer and Counterclaims by <u>October 31, 2016</u>.

        BY THE COURT:

        /s/ C. Darnell Jones, II

        _____

        C. Darnell Jones, II    J.

---

[6] Parties are permitted to serve a motion to dismiss regarding only some of a Complaint's or a Countersuit's claims. Parties are only required to answer every count after the resolution of the motion to dismiss. This request for entry of default is premature.